UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUBREY WARD BIBBS and )    Case No.: 8:26-CV-32-MSS-AAS
CRYSTAL BASHELYA BIBBS, )
Husband and Wife, sui juris, )
)
    Plaintiffs, )
)
)     **VERIFIED COMPLAINT**
)
v. )
)
)
JENNIFER X. GABBARD, Circuit )
Judge, Thirteenth Judicial Circuit, in )
her individual capacity, )
)
    Defendant.

---

**COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

COMES NOW, Homeowner Plaintiffs, Aubrey Ward Bibbs and Crystal Bashelya Bibbs (hereinafter "Plaintiffs" or "the Bibbs'"), appearing sui juris, who now state that they are Challenging the Standing of LAKEVIEW LOAN SERVICING, LLC (hereinafter "Lakeview"), and therefore they are Challenging the Subject Matter Jurisdiction of this court, which they have right to do "at any time" and they bring this action for violations of the United States Constitution and federal law, including 42 U.S.C. § 1983, against JENNIFER X. GABBARD (individual capacity).

Plaintiffs submit this Complaint and allege the following:

## I. INTRODUCTION

1. Standing is a Threshold Issue. Without Lakeview having met Minimum Requirements of Standing under Federal Rule of Civil Procedure 17, Lakeview cannot file a Complaint in any court.

2. This action arises from a series of constitutional violations in Case No. 25-CA-004399 in the Thirteenth Judicial Circuit of Hillsborough County, Florida, styled *Lakeview Loan Servicing, LLC v. Aubrey Ward Bibbs, et al.*

3. Plaintiff-homeowners are the lawful owners of 10411 Riverdale Rise Dr., Riverview, FL 33578, pursuant to a Warranty Deed recorded on or about July 29, 2020.

4. The Wrongful foreclosure complaint filed by Lakeview failed to plead or prove injury-in-fact, which the court did not note, mention in passing or acknowledge in any way, and therefore there was no presentation of Concrete and Particularized Evidence showing that Lakeview had met the Constitutional, Irreducible, Minimum requirements for Standing.

5. On or about May 15, 2025, only two days after the complaint was filed, Jennifer X. Gabbard issued a "Streamlined DCM Order" stating it was:

**"FOUND, ORDERED, AND ADJUDGED"**

6. A judge cannot exercise judicial power in a case where no party has standing. When Jennifer X. Gabbard entered a DCM Order reciting "FOUND, ORDERED, AND ADJUDGED" without review, standing, or jurisdiction, she was acting **as an individual, outside judicial authority**, and §1983 liability applies.

7. Plaintiffs bring this action because judicial actions taken without jurisdiction place their home in jeopardy and violate bedrock constitutional protections.

## II. JURISDICTION AND VENUE

8. Plaintiffs invoke federal question jurisdiction under 28 U.S.C. § 1331 because the claims asserted arise under the United States Constitution and laws of the United States, including:

   - Article III

   - Fifth Amendment

   - Fourteenth Amendment

   - Supremacy Clause

   - 42 U.S.C. § 1983

9. Declaratory relief is proper under 28 U.S.C. §§ 2201–2202.

10. Venue is proper under 28 U.S.C. § 1391(b) because:

a. the property is located in Hillsborough County, Florida;

b. all events giving rise to these claims occurred within this District;

c. Defendant acted under color of state law within this District.

## III. PARTIES

11. Plaintiff Aubrey Ward Bibbs is a natural person, sui juris, co-owner of the property, and a resident of Hillsborough County, Florida.

12. Plaintiff Crystal Bashelya Bibbs is a natural person, sui juris, co-owner of the property, and a resident of Hillsborough County, Florida.

13. Defendant Jennifer X. Gabbard is a Judge of the Thirteenth Judicial Circuit. Plaintiffs maintain that in this case, in which no party proved or even tried to prove that it had met Article III Constitutional, Irreducible, Minimum Requirements of Standing, there could not have been none. The case is not justiciable, and the court had no Subject Matter Jurisdiction and Jennifer X. Gabbard, as the individual that she was without a justiciable cause, who moved the case forward without jurisdiction and in her own individual capacity, is solely responsible for actions which taken outside judicial jurisdiction and not in a judicial function, including not reviewing the original Complaint for the facts and evidence necessary for Standing and the issuing of an automatically generated DCM Order falsely labeled "FOUND, ORDERED, AND ADJUDGED."

## IV. STATEMENT OF FACTS

### A. Plaintiffs' Ownership

14. Plaintiffs acquired 10411 Riverdale Rise Dr., Riverview, FL 33578 by Warranty Deed recorded on or about July 29, 2020.

15. Plaintiffs state that they have never been in default with any of the parties in this Complaint.

### B. Lakeview Filed a Foreclosure Complaint With No Standing

16. On or about May 13, 2025, Lakeview filed its foreclosure action.

17. That complaint failed to allege:

a. injury-in-fact;

b. ownership of the Note;

   c. lawful transfer of the Mortgage;

   d. continuous chain-of-title;

   e. causation;

   f. redressability.

18. Without injury-in-fact, there can be no case or controversy, depriving the court of jurisdiction.

## E. Jennifer X. Gabbard's Auto-Generated DCM Order is Constitutionally Defective

19. Jennifer X. Gabbard issued a DCM Order on or about May 15, 2025—two days after the complaint.

20. The Order states:

"FOUND, ORDERED, AND ADJUDGED."

21. But the Order itself states it was:

- generated automatically,

- before any judicial review,

- without examining allegations,

- without determining standing.

22. A judge cannot "find, order, and adjudge" without a case or controversy, without jurisdiction, and without review – certainly not in an automated review.

23. Issuing judicial language without judicial activity constitutes acting outside judicial capacity, stripping immunity.

## F. Resulting Harm to Plaintiffs

24. Plaintiffs suffer ongoing:

- severe emotional stress,

- anxiety,

- sleep disruption,

- stress-induced fatigue,

- inability to concentrate,

- disruption of daily life and work.

25. Plaintiffs fear wrongful foreclosure due to lack of judicial oversight.

26. Plaintiffs' home life is strained—family stability, planning, routine, and emotional health have deteriorated due to Defendant's actions.

27. Plaintiffs now expend extraordinary time and energy fighting a foreclosure action that should never have been filed.

## V. GOVERNING LAW AND LEGAL FRAMEWORK

### A. Article III Standing is a Threshold Constitutional Requirement

28. Article III of the United States Constitution limits federal judicial power to actual "Cases" and "Controversies." Standing is a **constitutional minimum**, requiring:

   **(1) Injury-in-fact,**

   **(2) Causation,**

   **(3) Redressability.**

29. Standing is not a procedural nicety; it is a **bedrock constitutional prerequisite** that must exist **at the time the action is filed** and must persist through all stages of litigation.

30. Without an Article III "injury-in-fact," a court has **no jurisdiction**, and "the only function remaining to the court is to announce that fact and dismiss the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

31. Florida courts similarly require standing at filing. As the Florida Supreme Court has clarified, standing concerns **"the party's sufficient interest in the outcome of litigation"** and must be established **before judicial power may be exercised.**

32. A foreclosure plaintiff must plead and prove it **owned the note and mortgage at the time of filing.**
   *McLean v. JP Morgan Chase Bank N.A.*, 79 So. 3d 170 (Fla. 4th DCA 2012).

   **Standing must exist at the inception of the foreclosure case and cannot be retroactively created by later-filed or contradictory assignments. See**

*Gonzalez v. Deutsche Bank Nat'l Trust Co.*, 290 So.3d 1045 (Fla. 2nd DCA 2019); *Jallali v. American Home Mortgage Servicing*, 126 So.3d 206 (Fla. 4th DCA 2013). Where assignments conflict, post-date filing, or appear reconstructed after litigation begins, the action is void **ab initio** for lack of jurisdiction. Here, Lakeview filed foreclosure before establishing a complete consistent chain of title, and the existence of two **differing assignments** proves standing was not present at inception.

33. A complaint filed without standing is a **nullity**, and all actions flowing from it are void.

## B. Fraud Vitiates All Proceedings

34. Fraud "vitiates everything it touches."
*Norton v. Shelby County*, 118 U.S. 425 (1886).

35. A court cannot acquire jurisdiction through fraud, forgery, concealment, or manipulation of documents.

36. When a case is based on fraudulent documents—such as contradictory assignments—the entire proceeding is void **ab initio**.

37. The existence of **two incompatible assignments**, executed on different dates and provided inconsistently to co-borrowers, is evidence of fabrication.

38. A void act cannot create obligations, confer rights, or support judicial action.
*Norton*, supra.

## C. The Supremacy Clause Makes the U.S. Constitution the "Supreme Law of the Land"

39. Article VI, Clause 2 ("Supremacy Clause") makes federal constitutional protections supreme over conflicting state behavior.

40. State judges take an oath to uphold the federal Constitution.

41. When a state court or state actor—such as a judge—violates the Constitution, such conduct is actionable under **42 U.S.C. § 1983**.

42. No state law, administrative procedure, or automated case-management process may override U.S. constitutional protections.

## D. Due Process Requires a Neutral Decisionmaker and Actual Judicial Review

43. Procedural due process requires:

- **notice,**

- **meaningful opportunity to be heard,**

- **a neutral arbiter,** and

- **an actual exercise of judicial discretion.**

44. A judge who issues an order that:

- was **never reviewed,**

- was **auto-generated,**

- contains judicial language ("FOUND, ORDERED, AND ADJUDGED"),

- and adjudicates rights **without inquiry,**

  violates the Due Process Clause.

45. An auto-generated order masquerading as a judicial act is not a "judicial act" at all—it is **administrative.**

46. Judicial immunity applies only to **judicial acts within jurisdiction,** not administrative or ministerial actions.

**E. A Judge Acts Outside Judicial Capacity When There Is No Jurisdiction**

47. Judicial immunity is overcome when:

   (1) the judge acts **in the complete absence of jurisdiction,** or

   (2) performs functions **not of a judicial nature.**

48. Issuing an order that is:

- not reviewed,

- not adjudicated,

- not considered,

- not based on pleadings,

- automatically generated,

  but labeled "FOUND, ORDERED, AND ADJUDGED," is an act:

- **outside jurisdiction,**

- **outside judicial capacity,**

- **and actionable under § 1983.**

## F. Carpenter v. Longan: "The Mortgage Follows the Note"

49. The United States Supreme Court held:

> **"The note and mortgage are inseparable. The former as essential, the latter as an incident."**
> *Carpenter v. Longan*, 83 U.S. 271 (1872).

50. This means:

- a valid assignment of the **note** is required,

- a mortgage cannot be transferred independently,

- assignments without evidence of note transfer are void.

A mortgage assignment is unenforceable where no corresponding transfer of the underlying promissory note is demonstrated. *MERS v. Graham*, 247 S.W.3d 496 (Ky. 2007). Lakeview has produced no proof of note ownership, endorsement, delivery, or allonge. Two conflicting assignments of mortgage – each legally meaningless without proof of Note transfer – appear in the record. Under *Graham*, this break renders the assignment void, and no foreclosure interest could lawfully arise. Under *Carpenter*, the mortgage cannot be assigned independently of the Note. Therefore, neither assignment has legal force absent proof of Note ownership.

51. Lakeview has not produced:

- the note,

- any endorsement,

- an allonge,

- or any evidence of lawful transfer.

52. Therefore, as a matter of law, Lakeview **did not acquire the mortgage**.

## G. No Standing to Foreclose Without Ownership of the Note

53. Florida foreclosure law requires:

- proof of possession of the note, and

- proof of authority to enforce it.

54. Lakeview provided neither.

55. A servicer cannot rely on contradictory assignments to demonstrate standing.

56. Because standing must exist **at the moment of filing**, the foreclosure case is void.

## H. Defective Chain of Title Creates Constitutional Injury

57. When a foreclosure plaintiff cannot prove:

- who owns the debt,

- when it was transferred,

- whether it was transferred at all,

  the homeowner is deprived of:

- due process,

- fair notice,

- ability to mount a defense,

- and constitutional protection against arbitrary state action.

## I. Auto-Generated Judicial Orders Cannot Serve as Judicial Determinations

58. A judicial order must be:

- reviewed,

- considered,

- the product of deliberation,

- and supported by findings.

59. A computer-generated document cannot constitutionally contain judicial language such as:

**"FOUND, ORDERED, AND ADJUDGED."**

60. When such language is used without judicial review, it is:

- misleading,

- unconstitutional,

- outside judicial function,

- and strips immunity.

## J. A Case Filed Without Standing Is a Nullity

61. A case filed without standing is void and cannot be cured retroactively.

62. Everything that follows—orders, hearings, deadlines—is void.

63. Plaintiffs therefore seek a declaration that:

- the foreclosure action is void **ab initio,**

- all subsequent orders are void,

- and the proceeding must be dismissed for lack of jurisdiction.

## K. Maxims of Law

64. Plaintiffs invoke the following maxims:

- **Fraud vitiates everything.**

- **A thing void is as no thing.**

- **The law never suffers a wrong without a remedy.**

- **No right can arise from a wrong.**

- **He who comes into equity must come with clean hands.**

- **Equity regards substance over form.**

- **What is not lawful is not permitted by equity.**

## VI. CAUSES OF ACTION

### COUNT I

### Violation of Civil Rights – 42 U.S.C. § 1983

### Against Defendant JENNIFER X. GABBARD (Individual Capacity)

## A. Legal Standard

65. 42 U.S.C. § 1983 provides a private cause of action against **any person** who, under color of law, deprives another of constitutional rights.

66. A state judge may be liable under § 1983 when:

- acting **outside judicial capacity**, or

- acting in the **clear absence of jurisdiction**.

*Stump v. Sparkman*, 435 U.S. 349 (1978).

67. Judicial immunity does **not** apply to:

- administrative acts,

- ministerial acts,

- acts performed without jurisdiction,

- or acts where no judicial discretion is exercised.

**B. Defendant Jennifer X. Gabbard Acted Outside Judicial Capacity**

68. On or about May 15, 2025—only **two days** after the foreclosure case was filed—Jennifer X. Gabbard issued a **Streamlined DCM Order**, which:

- was generated **automatically** by software,

- was **not reviewed**,

- involved **no judicial discretion**,

- involved **no case evaluation**,

- involved **no standing determination**,

- but falsely recited
  **"FOUND, ORDERED, AND ADJUDGED."**

69. An order cannot constitutionally recite judicial findings where **no judicial act occurred**.

70. By using judicial language without conducting a judicial review, Defendant Jennifer X. Gabbard acted:

- outside the scope of judicial authority,

- in a ministerial capacity,

- under color of state law,

- without jurisdiction,

- and in violation of Plaintiffs' constitutional rights.

## C. Due Process Violations

71. Plaintiffs were denied:

- a neutral magistrate,

- fair process,

- a meaningful opportunity to be heard,

- proper evaluation of standing,

- protection from arbitrary state action.

72. The Fifth and Fourteenth Amendments guarantee due process of law before a state may deprive any person of property.

73. By issuing an automated order pretending to adjudicate findings, Defendant deprived Plaintiffs of constitutional protections.

## D. Absence of Jurisdiction

74. A state court lacks jurisdiction unless:

- standing exists,

- a case or controversy exists,

- injury-in-fact is alleged.

75. Lakeview's foreclosure complaint failed to allege any:

- injury-in-fact,

- chain of title,

- note transfer,

- or proof that it owned the debt.

76. Without standing, the state court had **no jurisdiction**, and any order entered— including the DCM Order—is void.

77. A judge acts **without jurisdiction** when proceeding in a case filed without standing.

## E. Harm

78. Defendant Jennifer X. Gabbard's unconstitutional actions have caused Plaintiffs:

- severe emotional distress,

- sleep disturbances,

- stress-induced physical symptoms,

- uncertainty about the security of their home,

- litigation burdens,

- financial strain,

- fear of losing their property without lawful process.

## F. Relief Requested

79. Plaintiffs demand:

- compensatory damages,

- punitive damages (permitted under § 1983 for individual-capacity defendants),

- declaratory relief,

- any other relief deemed appropriate.

## COUNT II

### Declaratory Judgment

### *(28 U.S.C. §§ 2201–2202)*

Courts have held foreclosure void where assignment documents post-date filing or are incomplete at inception. *U.S. Bank Nat'l Ass'n v Ibanez*, 941 N.E.2d 40 (Mass. 2011). The Bibbs foreclosure mirrors *Ibanez*; Lakeview filed suit before completing a proven, consistent transfer history. A case filed before standing exists is a nullity, and every order following from it must be vacated.

80. An actual controversy exists between Plaintiffs and Defendant regarding:

- jurisdiction of the state court,

- legality of the DCM Order,

- constitutional due-process rights.

81. Plaintiffs request a declaration:

- that Lakeview lacked standing at filing,

- that the foreclosure action (25-CA-004399) is void **ab initio**,

- that the DCM Order is unconstitutional,

- that any further proceedings violate the Constitution.

## COUNT III

### Injunctive Relief

82. Plaintiffs face immediate and irreparable harm:

- potential wrongful foreclosure,

- continuing constitutional violations.

83. Money damages alone cannot remedy:

- the loss of one's home,

- deprivation of constitutional rights.

84. Plaintiffs request injunctive relief:

- halting all foreclosure proceedings,

- preventing future foreclosure attempts until lawful standing is established.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs **Aubrey Ward Bibbs** and **Crystal Bashelya Bibbs** respectfully request that this Court enter judgment in their favor and against Defendant **JENNIFER X. GABBARD** (in her individual capacity), and award the following relief:

## A. DECLARATORY RELIEF

1. **Declare** that **Lakeview Loan Servicing, LLC** lacked Article III and Florida standing at the time it filed the foreclosure action **25-CA-004399**, and therefore the state court lacked subject-matter jurisdiction.

2. **Declare** that the foreclosure action is **void ab initio**, and that all orders entered therein — including the Streamlined DCM Order — are **void**.

3. **Declare** that Defendant **Jennifer X. Gabbard** acted **outside judicial capacity** and **without jurisdiction** by issuing a DCM Order falsely reciting judicial findings that were never made.

4. **Declare** that any future foreclosure action against Plaintiffs must comply with constitutional standing requirements.

## B. INJUNCTIVE RELIEF

5. **Enjoin** Lakeview from pursuing foreclosure until and unless it demonstrates standing consistent with Article III,

6. **Enjoin** enforcement, operation, or reliance upon the May 15, 2025 Streamlined DCM Order issued in Plaintiffs' void foreclosure case.

7. **Enjoin** any state action that would deprive Plaintiffs of property without due process or without standing.

## C. COMPENSATORY DAMAGES

8. Award compensatory damages, including:

- emotional distress,

- anxiety,

- loss of sleep,

- physical symptoms induced by stress,

- disruption of family life,

- financial and litigation-related burdens,

- and the time value of Plaintiffs' efforts defending a void proceeding.

## D. PUNITIVE DAMAGES

9. Award punitive damages against Jennifer X. Gabbard, for acting outside judicial capacity and under color of law in a manner that deprived Plaintiffs of constitutional protections.

## F. COSTS AND OTHER RELIEF

10. Award costs of suit (recognizing pro se litigants generally cannot receive attorneys' fees).

11. Grant such other relief as the Court deems just, equitable, and proper.

12. Plaintiffs further request that this Court, after hearing and proof, issue injunctive relief enjoining continuation or enforcement of the state foreclosure action filed without standing (*Lakeview Loan Servicing LLC v. Bibbs*, Case No. 25-CA-004399), as the action was void at inception, and any further proceedings constitute ongoing deprivation of constitutional rights.

Respectfully submitted,

**AUBREY BIBBS**
Plaintiff, Pro Se
10411 Riverdale Rise Drive
Riverview, Florida 33578
aubreybibbsjr@gmail.com
(757)576-2070

**CRYSTAL BIBBS**
Plaintiff, Pro Se
10411 Riverdale Rise Drive
Riverview, Florida 33578
teambibbs@gmail.com

## VIII. VERIFICATION

**VERIFICATION OF PLAINTIFFS AUBREY WARD BIBBS AND CRYSTAL BASHELYA BIBBS**

**PURSUANT TO 28 U.S.C. § 1746**

We, Aubrey Ward Bibbs and Crystal Bashelya Bibbs, declare:

We are the Plaintiffs in this action. We have read the foregoing Verified Federal Complaint and know the contents thereof. The statements contained in the Complaint concerning matters within our personal knowledge are true and correct. The statements contained in the Complaint based on information and belief we believe to be true.

We make this Verification pursuant to 28 U.S.C. § 1746, and we declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge, information, and belief.

Executed on this _7th_ day of ___January___, 2025.

_____
**AUBREY BIBBS**
Plaintiff/Pro Se

_____
**CRYSTAL BIBBS**
Plaintiff, Pro Se

## CERTIFICATION OF TRUE AND CORRECT COPIES OF EXHIBITS

I, Aubrey Ward Bibbs, and I, Crystal Bashelya Bibbs, hereby certify and declare that each of the documents attached as Exhibits A through E to the Verified Federal Complaint are true, correct, and unaltered copies of the original documents in our possession, custody, or control.

Each exhibit is reproduced exactly as we received it, without modification, omission, or alteration, and reflects the genuine documents provided to us or filed against us in connection with the subject matter of this action.

We make this certification pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of January, 2025.


**AUBREY BIBBS**
Plaintiff, Pro Se


**CRYSTAL BIBBS**
Plaintiff, Pro Se

## IX. EXHIBIT INDEX

**Exhibit A** – Warranty Deed recorded July 29, 2020 (Court Certified Copy)

**Exhibit B** – Lakeview Foreclosure Complaint (Case No. 25-CA-004399)

**Exhibit C** – Streamlined Differentiated Case Management Order (Case No. 25-CA-004399 signed by Jennifer X. Gabbard - Court Certified Copy)

**Exhibit D** – March 11, 2025 Assignment (Nationstar → Lakeview) Unsupported by Proof of Note Ownership or Any Evidence of Lawful Transfer of the Note

**Exhibit E** – April 10, 2025 Assignment (Nationstar → Lakeview) Unsupported by Proof of Note Ownership or Any Evidence of Lawful Transfer of the Note

## DECLARATION OF AUBREY WARD BIBBS

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Pursuant to 28 U.S.C § 1746, I, Aubrey Ward Bibbs upon oath, verifies, certifies and declares under penalty of perjury as follows:

1. My name is Aubrey Ward Bibbs, and I reside at 10411 Riverdale Rise Drive, Riverview, Florida 33578. I am one of the Plaintiffs in the accompanying federal complaint.

2. I am a co-owner of the property located at 10411 Riverdale Rise Drive pursuant to a Warranty Deed recorded July 29, 2020. My wife Crysal and I have continuously live at and maintained this home since purchase.

3. I have suffered significant stress, anxiety, and disruption due to the initiation of a wrongful foreclosure case filed without standing by Lakeview Loan Servicing, LLC.

4. On March 7, 2025, I received a RESPA response from Nationstar/Lakeview containing only one alleged assignment of my mortgage. This document differed materially from the assignment later produced only to my wife Crystal, which listed a different date and appeared to be a separate, inconsistent transfer.

5. The existence of conflicting assignments, each purporting to transfer the same mortgage but with different dates and details, and each legally meaningless without proof of Note transfer, has left me in a constant state of uncertainty as to who, if anyone, lawfully owns my loan.

6. When Lakeview filed a wrongful foreclosure lawsuit on May 13, 2025, the complaint provided no competent evidence that Lakeview possessed the Note or lawfully acquired the mortgage. This caused immediate distress due to the threat of losing my home based on documents that are clearly inconsistent.

7. On May 15, 2025, Jennifer X. Gabbard issued an automated "Streamlined DCM Order" reciting judicial findings ("FOUND, ORDERED, AND ADJUDGED") that states it was generated automatically, before any judicial review, without examining allegations, and without determining standing. This caused me to fear that the process was unfair and that my Constitutional rights were being ignored.

8. The cumulative effect of these events has caused substantial emotional distress. I have experienced:

- persistent anxiety,
- disrupted sleep,
- headaches,
- difficulty concentrating,
- elevated stress levels that affect my health and daily functioning.

9. My work and business activities have been negatively impacted due to the time and effort required to analyze documents, research legal issues, and respond to a foreclosure case filed without standing.

10. The cloud created over the title to my home – caused by inconsistent assignments unsupported by proof of note ownership or any evidence of lawful transfer of the note and defective court procedures – has left me fearful of an unlawful loss of my property.

11. These burdens have affected my marriage, my household stability, and my long-term peach of mind.

I declare under penalty or perjury that the foregoing is true and correct. Executed on this 7th day of January 2026.


Aubrey Bibbs

## DECLARATION OF CRYSTAL BASHELYA BIBBS

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

Pursuant to 28 U.S.C § 1746, I, Crystal Bashelya Bibbs upon oath, verifies, certifies and declares under penalty of perjury as follows:

1. My name is Crystal Bashelya Bibbs, and I reside at 10411 Riverdale Rise Drive, Riverview, Florida 33578. I am a co-owner of the property and a Plaintiffs in this action.

2. I have suffered severe stress and emotional hardship due to the wrongful foreclosure action filed by Lakeview Loan Servicing, LLC.

3. On April 29, 2025, I received a RESPA Request for Information response that included an April 10, 2025 assignment of our mortgage from Nationstar to Lakeview. This assignment was not provided to my husband in his March 7,2025 RFI resonse.

4. The existence of two different assignments – one dated March 11, 2025 (produced to my husband) and one dated April 10, 2025 (produced only to me), each legally meaningless without proof of Note transfer, has caused serious concern about the authenticity of Lakeview's records and the legitimacy of their foreclosure action.

5. The fact that my husband and I received two different contradictory sets of documents from the same servicer regarding the same loan has undermined our trust in the accuracy of any records produced by Lakeview.

6. The wrongful foreclosure lawsuit filed on May 13, 2025 contained only one assignment, unsupported by proof of note ownership or any evidence of lawful transfer of the note and did not disclose conflicting versions. This omission has heightened my fear that the foreclosure action is based on incomplete or manipulated information.

7. The "Streamlined DCM Order" issued by Jennifer X. Gabbard on May 15, 2025, which was generated automatically, before any judicial review, without examining allegations, and without determining standing while reciting judicial findings, has caused me significant distress and made me feel as though the judicial process has been predetermined without consideration of our rights or evidence.

8. As a result of these events, I have experienced:

- fear of losing our home,
- elevated stress and anxiety,
- sleep disruption,
- difficulty focusing on family and daily responsibilities,
- emotional strain affecting my household well-being.

9. The uncertainty surrounding the true owner of our mortgage and the authenticity of the alleged assignments has damaged my confidence in the fairness of the foreclosure process and caused ongoing emotional hardship.

10. These matters have placed substantial strain on our household, our time, our financial stability, and our emotional well-being.

I declare under penalty or perjury that the foregoing is true and correct. Executed on this 7th day of January 2026.

Crystal Bibbs