UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AUBREY WARD BIBBS** and
**CRYSTAL BASHELYA BIBBS,**

    Plaintiffs,

v.                                              Case No: 8:26-cv-32-MSS-AAS

**JENNIFER X. GABBARD,** *Circuit Judge, Thirteenth Judicial Circuit, in her individual capacity*,

    Defendant.

_____

## ORDER

This matter is before the Court on review of Plaintiffs' Complaint. (Dkt. 1) Plaintiffs sue The Honorable Jennifer X. Gabbard, a Judge of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Plaintiffs' claims stem from a foreclosure proceeding pending in Florida state court over which Judge Gabbard presides (the "Foreclosure Suit"). (Id.) Because Plaintiffs' claims are barred by judicial immunity, the Court **DISMISSES** this action *sua sponte*.

Plaintiffs' Complaint alleges that Lakeview Loan Servicing, LLC ("Lakeview"), the plaintiff in the Foreclosure Suit, lacks standing to sue them. (Id. at 3) After the complaint was filed in the Foreclosure Suit, Judge Gabbard entered a streamlined case management order which included the language "FOUND, ORDERED, AND ADJUDGED." (Dkt. 1-1 at 45–50) Plaintiffs assert that a "judge cannot exercise judicial power in a case where no party has standing," and that when Judge Gabbard

entered the case management order, she acted outside her judicial authority. (Dkt. 1 at 2) Plaintiffs assert that this action violated their rights to due process. As a result, Plaintiffs state that they have suffered severe emotional stress, anxiety, sleep disruption, stress-induced fatigue, inability to concentrate, and disruption of daily life and work. (Id. at 4–5)

Judge Gabbard is entitled to immunity from Plaintiffs' suit. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of [her] court." McCullough v. Finley, 907 F.3d 1324, 1330 (11th Cir. 2018). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 10 (1991). Judicial immunity is not defeated by allegations of bad faith or malice. Pierson v. Ray, 386 U.S. 547, 554 (1967). The absence of immunity would eviscerate the constitutional independence of the judiciary. Dennis v. Sparks, 449 U.S. 24, 31 (1980). A plaintiff may overcome judicial immunity only by showing that the judge either engaged in a non-judicial action or took actions where she acted in "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356–57 (1978); Mireles, 502 U.S. at 11.

Plaintiffs assert that Judge Gabbard is "stripped from immunity" because entry of the case management order was a non-judicial action and was done in the "clear absence of all jurisdiction" due to Lakeview's lack of standing. (Dkt. 1 at 4) Plaintiffs are mistaken on both fronts. First, the entry of a case management order is a clear judicial act as both the act of case management and the entry of orders qualify as

2

judicial acts. See Mullane v. Moreno, No. 21-13468, 2025 WL 1386666, at *7 (11th Cir. May 14, 2025) (judge's "actions relating to scheduling" were "plainly judicial acts entitled to immunity");[1] Rodriguez v. Beamer, No. 6:24-cv-539-RMN, 2024 WL 3090668, at *3 (M.D. Fla. June 21, 2024) ("The alleged acts—holding a person in contempt of court, the issuance of a bench warrant, and *the scheduling of matters for trial*—are acts normally performed by a judge that are judicial in nature.") (emphasis added); Barnes v. City of Dothan, 795 F. Supp. 2d 1276, 1281 (M.D. Ala. 2011) ("[D]ocket management and case scheduling are certainly normal judicial functions."); William B. Cashion Nevada Spendthrift Tr. v. Vance, 552 F. App'x 884, 887 (11th Cir. 2014) ("Entering orders is a normal judicial function occurring in judicial chambers."); see also Holton v. Sudzina, No. 8:25-cv-1546-WFJ-CPT, 2026 WL 25186, at *1 (M.D. Fla. Jan. 5, 2026) (stating that the court had "little trouble concluding that a judicial assistant's function in scheduling hearings and communicating with counsel about scheduling matters has an 'integral relationship with the judicial process'" and is thus subject to quasi-judicial immunity).

Moreover, the entry of a routine case management order, in the type of case over which the circuit court has subject matter jurisdiction, is not an act taken in the "clear absence of all jurisdiction." In 1871, the United States Supreme Court made this abundantly clear:

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it may be considered as persuasive authority. *See* 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

> [J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, **even when such acts are in excess of their jurisdiction**, and are alleged to have been done maliciously or corruptly. **A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter**. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. **But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case**, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

Bradley v. Fisher, 80 U.S. 335, 351–52 (1871) (emphases added). The Court then again clarified that this immunity applied where "irregularity and error attend the exercise of jurisdiction." Id. at 354; see generally Stump, 435 U.S. at 355–59.[2] Considering this, the Supreme Court has advised that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356.

As a Florida Circuit Court Judge, Judge Gabbard has jurisdiction to hear foreclosure actions. See Cmty. Bank of Homestead v. Torcise, 162 F.3d 1084, 1087 (11th Cir. 1998) ("[T]he Florida circuit court had jurisdiction over the foreclosure proceeding."); Fla. Stat. § 26.012(2)(g) (circuit court has "exclusive original jurisdiction" in "all actions involving the title and boundaries of real property"); Wilmington Savs. Fund Soc., FSB v. Contreras, 278 So. 3d 744, 747 (Fla. 5th DCA

---

[2] The Court does not suggest that Judge Gabbard did not have jurisdiction to enter the case management order. The Court merely notes that, assuming Plaintiffs are correct on the issue of Lakeview's standing, Judge Gabbard would still be entitled to immunity.

4


2019) (plaintiff in trial court properly filed complaint "seeking mortgage foreclosure in circuit court which, by statute, has exclusive jurisdiction over foreclosure claims of this amount").

Notably, Florida courts have held that "[g]enerally, the issue of standing is not properly raised in a motion to dismiss unless the allegations of the complaint or its attachments negate a plaintiff's standing." Wilmington, 278 So. 3d at 748. Thus, assuming the veracity of Plaintiffs' standing allegations, the act of entering a case management order shortly after a complaint has been filed—before any party has challenged the plaintiff's standing—can hardly be considered an act taken in the clear absence of jurisdiction. See also Murphy v. Stacy, 809 F. App'x 677, 683 n.6 (11th Cir. 2020) ("Even assuming arguendo the plaintiff did not have standing, a lack of standing does not deprive a circuit court of subject matter jurisdiction."); Godfrey v. Reliance Wholesale, Inc., 68 So. 3d 930, 932 (Fla. 3d DCA 2011) ("We do not agree that a circuit court that otherwise has jurisdiction over the subject matter, i.e., 'the general power of the court over the case,' would lose such jurisdiction because the plaintiff may lack standing.") (quoting McGhee v. Biggs, 974 So. 2d 524, 525–26 (Fla. 4th DCA 2008)).

Considering the foregoing, Plaintiffs' Complaint is due to be dismissed. See Fleischman v. Gravitt, No. 8:25-cv-3377-KKM-SPF, 2026 WL 18609 (M.D. Fla. Jan. 2, 2026) (*sua sponte* dismissing complaint with prejudice where the plaintiff's claims were barred by judicial immunity).

Accordingly, it is hereby ORDERED:

1. Plaintiffs' Complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE**.

2. The Clerk is **DIRECTED** to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida this 12th day of January 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party